FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 22  AM 11: 38

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN TAYLOR STAGE | CIVIL ACTION |
| VERSUS | NO. 05-1710 |
| MARLIN GUSMAN, ORLEANS PARISH CRIMINAL SHERIFF | SECTION: "T" (4) |

### REPORT AND RECOMMENDATION

Before the Court are three **Motions to Amend Complaint (Rec. Doc. No. 6, 8, 9)** filed by the plaintiff, Stephen Taylor Stage ("Stage"). The plaintiff seeks to amend the complaint to clarify his claims of unconstitutional prison conditions, to specify the monetary and punitive damages, and to request injunctive relief regarding his placement and treatment in the Orleans Parish Prison system ("OPP").

These motions, along with the entire case, were referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b) and (c), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e (c)(1) and(2)**. The Court has determined that these matters can be resolved without an Evidentiary Hearing.

___ Fee_____
___ Process_____
 X  Dktd_____
 ✓  CtRmDep_____
___ Doc. No_____

## I. Factual Background

### A. The Original Complaint

Stage was incarcerated in the Templeman Jail within the Orleans Parish Prison system at the time of the filing of this petition. Stage filed this *pro se* and *in forma pauperis* complaint against Orleans Parish Criminal Sheriff Marlin Gusman seeking monetary damages for injuries he allegedly sustained while receiving less than adequate medical care while in the Sheriff's custody. He seeks monetary damages and injunctive relief.

Stage contends that the prison officials at OPP refused to order his mental health records from Tulane University Hospital which would have shown that he needed to be in a facility equipped to address his mental illness. As a result, he spent 20 months in OPP without adequate treatment. He claims that as a result of this inadequate treatment he suffered severe depression. Stage alleges that, under the supervision of Sheriff Gusman, OPP inadequately classifies and treats suicidal and depressed inmates.

Stage seeks injunctive relief to improve the treatment of mental health patients at OPP, a transfer to a hospital or facility that can treat his depression, and $20,000.00 in compensatory and punitive damages.

## II. Motions to Amend the Complaint

In the first Motion to Amend Complaint (Rec. Doc. No. 6), Stage seeks to increase the requested monetary damages to $100,000.

In the second Motion to Amend Complaint (Rec. Doc. No. 8), Stage seeks to amend the complaint to add additional allegations regarding the inadequacy of the treatment he received at OPP for his mental health problems. He states that the prison officials failed to account for his major

depression and vulnerability as a psychiatric patient when he was placed in the general population. He claims that, as a result of his vulnerability, another inmate, Roderick Rhinehardt, defrauded him of $4,000.00 in cash and property. Stage alleged that he reported the fraud but was told that nothing could be done by the police.

He further alleges that after he filed this § 1983 suit in May 2005, he was transferred, for retaliatory purposes, to the harsher conditions of the older section of the Orleans Parish Prison. He therefore requests compensatory damages of $100,000.00 and an immediate transfer to a Louisiana Department of Corrections ("DOC") facility.

In his third motion entitled "Amended Complaint" (Rec. Doc. No. 9), Stage reiterated his claims regarding his improper placement in OPP. He claims that his requests for protective custody or assignment to a medical treatment tier were denied. He further alleged additional facts regarding the money inmate Roderick Rhinehardt took by fraud.

Stage again alleges that he was transferred from Templeman Jail to the main building of the Orleans Parish Prison out of retaliation for the filing of this suit.

He also requests $4,000.00 in actual damages and $250,000.00 in punitive damages and an immediate transfer to a DOC facility.

A.    **Standard of Review**

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. It provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This and other federal rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v Gibson*, 355 U.S. 41, 48 (1957).

Rule 15(a) evinces a liberal amendment policy and a motion to amend should not be denied absent a substantial reason to do so. *See Jacobsen v Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). However, leave to amend is by no means automatic. *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny a motion for leave to amend lies within the sound discretion of the court. *Addington*, 650 F.2d at 666.

In exercising its discretion, the court may consider such factors as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend. *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

**B.     Analysis**

In his second and third amended complaints, Stage alleges that he was transferred from Templeman Jail to the older Orleans Parish Prison because he filed suit against Sheriff Gusman. He perceives this as a transfer from minimum to maximum security. Stage alleges that this transfer was done in retaliation for the filing of this suit against Sheriff Gusman. He bases this allegation on his unsupported representation that the transfer occurred the same day that service was made on Sheriff Gusman.

For an inmate to establish a retaliation claim, he must demonstrate the invocation of a specific constitutional right, the defendants' intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, i.e., but for the retaliatory motive the

complained of incident would not have occurred. *Clarke v. Stalder*, 121 F.3d 222, 231 (5th Cir. 1997). However, in *Woods v. Smith*, 60 F.3d 1161 (5th Cir. 1995), the Fifth Circuit cautioned that "[c]laims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Id.* at 1166 (citation and quotation omitted). These standards therefore place a significant burden on the inmate to produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Id.*

Stage has presented only a conclusory allegation that Sheriff Gusman was involved in the transfer or that the transfer was a direct retaliatory act resulting from this lawsuit. The transfer, however, was by law within the sound discretion of the prison officials and is not indicative of any adverse action by Sheriff Gusman.

Inmates have no protected property or liberty interest in their custodial classification or placement. *Whitley*, 158 F.3d at 889; *Wilson*, 976 F.2d at 958; *Moody*, 857 F.2d at 257-58. The classification of inmates is an administrative function of the prison. *Jones v. Diamond*, 636 F.2d 1364, 1376 (5th Cir. 1981) (en banc).[1] The federal courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation. *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *Smith v. Bingham*, 914 F.2d 740, 742 (5th Cir. 1990), *cert. denied*, 499 U.S. 910 (1991).

"Inmates have a federal right to due process at prison classification . . . only if state law contains 'substantive predicates' limiting the prison administrators' discretion to classify, assign, and

---

[1] *cert. dismissed*, 453 U.S. 950 (1981), *overruled on other grounds, International Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986), *aff'd submissions nom., Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).

punish inmates." *Ricker v. Leapley*, 25 F.3d 1406, 1409 (8th Cir. 1994); *accord Canterino v. Wilson*, 869 F.2d 948, 953 (6th Cir. 1989) (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)). "Classification of inmates in Louisiana is a duty of the Louisiana Department of Corrections and an inmate has no right to a particular classification under state law." *Woods v. Edwards*, 51 F.3d 577, 581-82 (5th Cir. 1995) (citing *Wilkerson v. Maggio*, 703 F.2d 909, 911 (5th Cir. 1983)).

In addition, Stage has not alleged that he suffered any adverse affects from the transfer, either personally or to his ability to seek redress for the claims raised herein. For these reasons, Stage's retaliation claim against Sheriff Gusman is frivolous.

Because the substantive claims he seeks to add are frivolous, the amendments would be futile. Similarly, the Court finds that the remaining claims already asserted in the original complaint are also frivolous. For this reason, it is unnecessary to allow Stage to amend his request for damages. Under the parameters of Fed. R. Civ. P. 15, Stage's three Motions to Amend Complaint (Rec. Doc. No. 6, 8, 9) should be denied.

### III. Standards of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

### IV.   Supervisory Liability

Stage filed suit against Sheriff Gusman seeking damages because of Sheriff Gusman's alleged deliberate indifference to his serious medical needs as a result of his placement in the general population of OPP. Under the broad reading afforded to a *pro se* complaint, Stage has named Sheriff Gusman as a defendant because of his supervisory role over the Orleans Parish Prison system.

However, a supervisory official cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Texas A&M University,* 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker,* 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones,* 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.,* 611 F.2d 120 (5th Cir. 1980).

Stage has not alleged that Sheriff Gusman was personally involved in the acts about which he complains. He also failed to allege that Sheriff Gusman was personally involved in his medical care. An official is deliberately indifferent to an inmates medical needs in violation of the Eighth Amendment "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). Stage failed to indicate that Sheriff Gusman was in any way personally aware of his medical condition or treatment or that he was at risk as a result of his mental illness.

Stage also failed to allege that Sheriff Gusman was involved in his placement within the prison's general population rather than on a treatment tier. In addition, Stage has no constitutional right to a particular status or classification within the prison. The law is well settled that inmates have no protected property or liberty interest in their custodial classification or placement in the jail. *Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988). The placement and classification of prisoners is a matter left to the discretion of prison officials. *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990).

Stage also has not alleged that Sheriff Gusman, or any of his deputies, were involved in the alleged fraud perpetrated on him by another inmate, Roderick Reinhardt. Without personal involvement by Sheriff Gusman, Stage failed to state a cognizable claim.

For the foregoing reasons, the claims against Sheriff Gusman in his supervisory capacity over OPP are therefore frivolous and otherwise fail to state a claim for which relief can be granted.

V.     **Recommendation**

It is therefore **RECOMMENDED** that the **Motions to Amend Complaint (Rec. Doc. Nos. 6, 8, and 9)** filed by the plaintiff, Stephen Taylor Stage, be **DENIED**.

It is further **RECOMMENDED** that Stage's § 1983 claims against Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. §1915(e)and § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _21st_ day of February, 2006

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE